AUFFANT, PETITIONER AND APPELLEE, *v.* SUCCESSION OF RAMOS ET AL., DEFENDANTS AND APPELLANTS.

### APPEAL from the District Court of Ponce in Injunction Proceedings.

No. 1376.—Decided January 26, 1916.

Decided on reconsideration March 29, 1916.

INJUNCTION—DIRECT OF INCIDENTAL RELIEF.—Section 3 of the Act of March 8, 1906, contemplates relief by injunction either incidentally to some other suit or directly by complaint brought for that purpose.

ID.—EXECUTION—ATTACHMENT.—Generally an injunction will not be granted to stay the execution of a judgment in favor of a plaintiff on particular property belonging to the debtor pending the decision of another case in which an attachment had been levied on the property of the same debtor to secure the effectiveness of the judgment.

ATTACHMENT—EXECUTION—PREFERRED LIEN.—An attachment on particular property of a debtor to secure the effectiveness of a judgment has priority over a later execution of another creditor even when the action of the former was brought subsequent to that of the latter, but that fact does not prevent the sale of the property to satisfy the execution, subject, of course, to the preferred attachment lien.

ON RECONSIDERATION.

INJUNCTION—EXECUTION—CONTEMPT.—An injunction restraining the defendant from taking any steps in execution of a judgment on a particular property should be clear and not leave him in doubt as to whether, if he attempted to execute his judgment on any other property of the debtor, he would be *prima facie* in contempt.

ID.—DAMAGES.—When an applicant for an injunction has sustained no damages and his rights are sufficiently guaranteed, relief by injunction will not lie because it is unnecessary.

The facts are stated in the opinion.

*Messrs. Manuel* and *José Tous Soto* for the appellants.

*Mr. Leopoldo Tormes* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Pedro Auffant, on January 14, 1915, brought a suit against Víctor Sallaberry for the recovery of a sum of money and attached a piece of real estate to secure the effectiveness of the judgment. Before that time, however, namely, in 1912, the Succession of Manuel de J. Ramos had obtained a judgment against the same debtor and, while the proceedings in the suit of Auffant were still pending, obtained an order of execution and the marshal of the Municipal Court of Yauco attached or seized the same property. All these proceedings took place in the Municipal Court of Yauco.

Auffant, claiming to have a prior lien or encumbrance on the land, applied to the District Court of Ponce for an injunction to restrain the said Succession of Ramos from executing the said judgment on the said land while the suit of Auffant was still pending. The District Court of Ponce rendered a judgment not exactly in the terms prayed in the injunction but restraining the defendants from taking any steps in execution of the judgment in favor of the said Succession of Ramos.

The first error assigned by the appellant is that there is no authority in the district court to issue a permanent injunction as the object of the suit was not for such permanent injunction and the injunction sought was not an ancillary remedy to some principal suit.

We think that section 3 of the law of March 8, 1906, and especially subdivision 1, contemplates relief by injunction either incidentally to some other suit or directly by complaint brought for that purpose. The complaint must, under subdivision 1, be for a limited period or perpetual. In this case the order restrained the defendants for no fixed period and the relief would be apt to be turned into a perpetual one if the complainant had a right to injunction and the court had authority to grant it.

Assuming then that the petitioner was right in maintaining that the attachment to secure the suit of Auffant should prevail over the execution of the Succession of Ramos, the question arises whether the subject-matter is a proper one for relief by injunction. The parties have not touched upon this question. The doubt that arises is whether the Succession of Ramos did·not have a right to levy on the land of Sallaberry and sell it subject to the previous attachment of Auffant. The Succession of Ramos, in any event, would have a right to whatever interest remained in the debtor Sallaberry. To take a more concrete instance, if the land of Sallaberry was in excess of the debt and costs of Auffant, what is there to prevent a judgment creditor from selling the land for such supposed excess? The lien of the attachment would remain. The complaint in this case gives no idea of the value of the land, but if the attachment of Auffant takes precedence, as the court below found and as we are inclined to believe, the execution creditor would have the right to seize whatever title remained in the debtor. Hence, we do not think the petitioner in this case made out a case for the relief sought. He asserts that it may be presumed that his attachment is recorded in the registry of property, and that contention is not seriously disputed. We think, therefore, that if any sale were made under the execution of Sallaberry and the deed presented in the registry, the registrar would be bound to record subject to the attachment of Auffant. If after the attachment in this case the debtor had chosen to sell the property to the Succession of Ramos, the latter would have taken subject to· the attachment. The position of the person who buys at the execution sale would be exactly the same, and the lien of Auffant would be preserved, and when he obtained his judgment he could sell.

It should further be noticed that the judgment in this case, on any reasonable theory of the complaint, went too far. It paralyzed the execution of the judgment of the Succession of Ramos. A creditor has a right to execute his judg-

ment on other property, if not on the particular property. The judgment must be reversed and the complaint dismissed.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.

A motion for reconsideration having been filed, on March 29, 1916, MR. JUSTICE WOLF delivered the following opinion of the court:

A motion for reconsideration is filed in this case. We do not see how the fact that this court referred erroneously to the Municipal Court of Yauco instead of the Municipal Court of Ponce has any bearing on the questions involved. The appellee maintains that the opinion was mistaken in saying that the District Court of Ponce rendered judgment not exactly in the terms sought in the complaint. It seemed to us that the District Court of Ponce ordered the defendant Succession of Manuel de J. Ramos to refrain from executing any act in execution of the judgment obtained by them. The restraining order in this case prohibited the defendants from doing any act in execution of the judgment and especially on the particular property in question. The order appealed from ordered the defendants (translating literally) to refrain from doing, and on the property to be described further on, any act in execution of the judgment. If the idea of this order was merely to limit the defendants with regard to the particular property it was ambiguously worded and would leave a defendant in doubt as to whether he would be *prima facie* in contempt if he attempted any act in execution of his said judgment. The only difference between the original restraining order and the order appealed from was that the word "especially" was left out of the latter. If we were mistaken in interpreting the order it cannot affect the fact that injunction was not the proper remedy as complainant was suffering no prejudice.

The parties in this case made a stipulation in the court

below whereby they admitted certain facts as having been proved relating to certain obligations of Salaberry to Auffant and to the Succession of J. Ramos, to the dates when such obligations accrued, to the respective complaints brought by Auffant and the aforesaid succession seeking performance of such obligations, and to the ensuing judgments or attachments directed against a piece of property of Salaberry; but in said stipulation it is not set forth, as stated by appellees, that it was the intention of the parties to submit to the court as a sole question the decision of the preference of the claims.

We think that the only question submitted in such stipulation was whether, given such facts, the injunction should issue.

The appellee maintains that this court decided the main question, namely, the right of Auffant as against the rights of the Succession of J. Ramos, in favor of the defendant and appellee.

And so it seems, and exactly for this same reason, even if there were no other, we thought that the injunction did not lie, as the rights of Auffant were sufficiently protected without the necessity of recourse to a remedy by injunction.

The motion for reconsideration should be

*Dismissed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.